United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOMINIC DICKERSON,

    Plaintiff,

v.

MARSHALLS, INC., et al.,

    Defendants.

Case No. 25-cv-05587-NW

**ORDER REMANDING CASE**

Re: ECF No. 12

On July 30, 2025, the Court ordered Defendants to show cause why this action should not be remanded to state court for failure to satisfy 28 U.S.C. 1332(b). ECF No. 12. Defendant timely responded. ECF No. 13. Defendants have not carried their burden to establish by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000. As the Court therefore lacks subject matter jurisdiction over this action, this action is REMANDED to Santa Clara County State Court.

**I.     BACKGROUND**

On December 18, 2024, Plaintiff, Dominic Dickerson, filed this action in Santa Clara County State Court. Plaintiff used a personal injury complaint form created by the Judicial Council of California to bring her claims, of which there were two: general negligence and premises liability. ECF No. 1-1. Beyond the form fields, Plaintiff provided only the following description of the events that led to her injury:

> Plaintiff tripped and fell on a furniture display while walking through the aisle. Marshalls and its agents and employees and the property owners and/or managers failed to use reasonable care to identify the unsafe condition of the furniture display and/or designed or created the unsafe condition of furniture display and/or knew about and failed to warn about the unsafe condition. Plaintiff has suffered injuries and damages as a result of defendants['] negligence.

*Id.* The complaint indicates that damages would exceed $35,000 and could include hospital and medical expenses, loss of use of property, property damage, general damage, wage loss, loss of earning capacity and potentially attorney's fees. *Id.*

On July 3, 2025, specially appearing defendant Marshalls of CA, LLC, timely removed the case to federal court pursuant to 28 U.S.C. § 1441(a). Among other things, that statute permits the removal of a state court action to federal court where (1) the parties to be citizens of different states and (2) the amount in controversy to exceed $75,000. §§ 1332(a), 1441(a). Initially concerned about the citizenship of the parties, the Court issued an order to show cause requesting evidence that the parties were citizens of different states. ECF No. 5. Defendants provided a response, ECF No. 6, and Plaintiff filed a counterresponse (as permitted under the order). ECF No. 11. Though Plaintiff acknowledged Defendants' position on citizenship, Plaintiff claimed that the Court instead lacked jurisdiction because the amount in controversy did not exceed $75,000. *Id.* The Court ultimately found that the parties' citizenship did not pose a barrier to jurisdiction but ordered Defendants to show cause regarding the amount in controversy.[1] ECF No. 12. Defendants timely filed a response. ECF No. 13.

## II. DISCUSSION

"The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, No. CV 12–08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co*., 346 F.3d 1190, 1192 (9th Cir. 2003)); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," a defendant must establish by a preponderance of the evidence—that it is more likely than not—that the amount in controversy

---

[1] "When a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn,* 936 F.3d 920, 924 (9th Cir. 2019).

exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 989, 404 (9th Cir. 1996)). Courts must "strictly construe the removal statute" and remand an action "if there is any doubt as to the right of removal in the first instance." *Guas v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Defendants should provide "'summary-judgment-type evidence' to show that it is 'more likely than not' that the amount in controversy (including attorneys' fees) exceeds $75,000." *Schneider*, 441 F. Supp. 3d at 914. Defendants do not meet this burden.

As an initial matter, "a plaintiff's refusal to stipulate that the amount in controversy is below the necessary threshold is not sufficient to establish the requirement." *Daley v. Walmart Stores, Inc.*, No. SA CV 18-0518-DOC (GJSx), 2018 WL 3104630, at *4 (C.D. Cal. June 21, 2018) (citing cases). Nevertheless, Defendants essentially ask the Court to do just that. Though Defendants concede that a Plaintiff's statements regarding damages "may not be dispositive," they consider "Plaintiff's refusal to stipulate that her damages are below $75,000 . . . a factor supporting a finding that the amount in controversy exceeds the jurisdictional minimum." Defendants note that Plaintiff has not disavowed her position nor offered "contrary evidence," but the burden here is *Defendants'*. In contending otherwise, Defendants attempt to shift that burden.

Further, even if the Court were to consider Plaintiff's denial, the *language* Plaintiff used in the denial is contrary to Defendants' position. When asked if Plaintiff would stipulate "that the amount claimed as damages is less than $75,000 as suggested by your filing," the first words in the response sent by Plaintiff's counsel were: "I believe it will be." ECF No. 13-2. Counsel for Plaintiff refused to make promises because she was "waiting on the billing records and the lien" to be certain, but that initial statement indicates that it was likely that Plaintiff's damages would not exceed $75,000. *Id.* Counsel for Defendants appeared to agree, noting in his initial request that the face of the complaint "suggested" that damages would not exceed $75,000. *Id.* Now Defendants ask the Court to contradict not only Plaintiff's impression of its own complaint, but Defendants' initial impression as well. The Court will not.

Defendants' remaining argument is that the "nature of the claimed harms" is enough for the Court to "make reasonable assumptions and draw inferences from the allegations in the

3

complaint to determine whether the amount in controversy requirement has been satisfied. ECF No. 13 at 4. In direct conflict with the statement in the email discussed above, Defendants now argue that [e]ven modern projections for the[] categories of damages" listed on the face of the complaint "support the conclusion that the amount in controversy more likely than not exceeds $75,000." *Id*. They insist that, were the Court to look to its "judicial experience and common sense," it would find that Plaintiff's complaint is more likely than not to exceed the $75,000 threshold in damages. Yet, the only evidence Defendant submitted to the Court suggests otherwise.

Defendants have not met their burden. They failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## III.   CONCLUSION

Because Defendants have failed to show that it is more likely than not that the amount in controversy exceeds $75,000, this Court lacks subject-matter jurisdiction and must remand the action pursuant to § 1447(c). The Clerk is directed to REMAND this case to the Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: August 29, 2025

Noël Wise
United States District Judge